UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 3 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHELLE DAVIS, *et al.*,   )
                            )
           Plaintiffs,      )
                            )
    v.                      )   Civil Action No. 03-0639 (EGS)
                            )
DISTRICT OF COLUMBIA,       )
                            )
           Defendant.       )
_____)

## MEMORANDUM ORDER

This action was initially an aggregation of claims on behalf of 9 different plaintiff/students pursuant to 42 U.S.C. § 1983 ("Section 1983"). Summary judgment in favor of the Defendant was granted on January 25, 2005, as to the claims of two of those plaintiffs, as moot. The remaining plaintiffs contend that the Defendant has impermissible customs, policies or practices concerning the provision of transcripts under the Individuals With Disabilities Education Act, 20 U.S.C. §1415(h)(3),[1] in violation of their Section 1983 rights. The Defendant contends that no such violation exists as to any of the plaintiffs.

At the Court's invitation, the parties have submitted a proposed order disposing of this case. Accordingly, with the parties' consent, the Court orders as follows:

1. That D.C. Public Schools ("DCPS") Student Hearing Office ("SHO") will continue current efforts to improve both equipment and personnel resources intended to provided the greatest feasible assurance that parties' entitlement to transcripts under IDEA will be met. To this end, and subject to normal budgetary requirements, the SHO will, among other things:

    a. Purchase two additional digital recording devices so that every hearing room is equipped with such a device;

    b. Hire an in-house person to assist with transcribing recordings from hearings when such transcripts are requested by either party to the hearing;

---

[1] (h) Safeguards. Any party to a hearing conducted pursuant to subsection (f) or (k), or an appeal conducted pursuant to subsection (g), shall be accorded--

....

(3) the right to a written, or, at the option of the parents, electronic verbatim record of such hearing; ....



  c.  Provide to either party to the hearing an electronic copy of the hearing and/or a written transcript of a hearing within a reasonable number of days from the receipt of the request for the transcript by the SHO, pursuant to the SHO's published Standard Operating Procedures;

  d.  Within 120 days of the date of this Order, establish a uniform and verifiable system for logging in tapes when they are returned by the hearing officers; and

  e.  Within 120 days of the date of this Order, establish verifiable procedures for assuring that recordings of hearings remain in the custody of hearing officers or an employee of SHO.

2. That DCPS SHO will establish and maintain appropriate policies and procedures for the electronic recording of hearings, for the filing and maintenance of such recordings, for the transcription of such recordings when necessary, and for the timely provision of such recordings and/or transcripts where properly requested;

3. That the Defendant, within 60 days of this order, shall pay to each of the remaining plaintiffs the amount of five hundred dollars ($500); that amount may be tendered to counsel for the plaintiffs in a single payment;

4. That the Plaintiffs are awarded $30,000.00 as payment for attorneys' fees and expenses relating to this action, payment to be made to Plaintiffs' counsel within 60 days of the date of this Order;

5. That the judgment entered herein is in settlement of all of the plaintiffs' claims herein, including any for attorneys' fees and costs, will extinguish all of Defendant's liabilities for such claims, and is enforceable only by the remaining plaintiffs; and

6. That the complaint herein is dismissed with prejudice,

SO ORDERED.

*Emmet G. Sullivan*
UNITED STATES DISTRICT JUDGE

8/31/05